**Order entered December 17, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00555-CR

### KENDRICK EUGENE MORROW, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court At Law No. 1**
**Kaufman County, Texas**
**Trial Court Cause No. 14-30443-CC-M**

## ORDER

This case was submitted on December 8, 2015. In appellant's second issue, he complained the trial court erred when it ordered appellant arrested for an extraneous offense in the presence of the jury panel. In response to the issue, the State contacted the court reporter and arranged for a "corrected" record to be filed, and then argued the record showed the "arrest" was not in the jury's presence. The Court now has before it appellant's December 14, 2015 objection to "corrected" reporter's record. Appellant asserts that the proper procedure was not used in getting the "corrected" record, and asks that we remand the case to the trial court for findings pursuant to TEX. R. APP. P. 34.6(e)(3). We will treat the objection as a motion.

Texas Rule of Appellate Procedure 34.6(e), governs the procedure when there is a dispute about the accuracy of a reporter's record.

The rule provides, The parties may agree to correct an inaccuracy in the reporter's record…If the parties cannot agree on whether or how to correct the reporter's record so that the text accurately discloses what occurred in the trial court…the trial court after notice and hearing-settle the dispute… If the dispute arises after the reporter's record has been filed in the appellate court, that court may submit the dispute to the trial court for resolution.

Accordingly, we **GRANT** appellant's motion as follows.

We **ORDER** the trial court to conduct a hearing and to make findings regarding the following.

- Whether the court reporter can produce his notes of from the April 20, 2015 trial.

- If so, the trial court shall next determine whether the reporter's record filed on July 6, 2015, accurately reflects the trial court proceedings.

- If the trial court determines the record filed on July 6, 2015 does not accurately reflect the April 20, 2015 proceedings the court shall next determine whether the "corrected" reporter's record filed on December 1, 2015 accurately reflects the trial proceedings.

- If the court determines neither record accurately reflects the April 20, 2015 proceedings it next shall determine whether an accurate record can be filed.

- If the court determines an accurate record cannot be prepared, the court shall determine whether appellant is at fault for the inability to file an accurate record and whether the parties can agree on a substituted record.

We **ORDER** the trial court to file its findings, any supporting documentation, and any orders to this Court within **THIRTY DAYS** of the date of this order.

This appeal is **ABATED** to allow the trial court to comply with this order. It shall be reinstated **THIRTY DAYS** from the date of this order or when the findings are received.

/s/DOUGLAS S. LANG
PRESIDING JUSTICE